IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-11-1155-TUC-CKJ |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| RODRIGO REICHELL-HERNANDEZ, | ) | |
| Defendant. | ) | |
| | ) | |

On September 8, 2011, Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation ("R & R") [Doc. 81] in which she recommended that Defendant's Motion to Dismiss for Loss or Destruction of and Failure to Produce Exculpatory Evidence [Doc. 60] be denied. The R & R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R & R. On September 20, 2011, Defendant filed his Objection to Magistrate's Report and Recommendation to Defendant's Motion to Dismiss for Loss/Destruction of Exculpatory Evidence [Doc. 83]. The Government filed its Response to Defendant's Objections to Report and Recommendation of Magistrate Judge [Doc. 91] on September 27, 2011.

I.  **STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear

error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## II. FACTUAL BACKGROUND

The factual background contained in Magistrate Judge Guerin's R & R [Doc. 81] is uncontested. As such, it is adopted by reference herein.

## III. ANALYSIS

Defendant objects to the Magistrate Judge's R & R [Doc. 81] on several grounds. First, he asserts that the Magistrate Judge's legal analysis exceeded the scope of the United States Supreme Court's precedents regarding the loss and destruction of exculpatory evidence. *See* Def.'s Obj. to Magistrate's R & R [Doc. 83] at 2. Second, Defendant asserts that the Magistrate Judge's findings regarding credibility of the witnesses, particularly of Defendant, exceeds the scope of the issue regarding destruction of evidence. *See id.* at 5-6. Finally, Defendant urges that the Magistrate Judge should have discounted the importance of the abandonment form signed by Defendant.[1] *See id.* at 6-7. For the reasons discussed below, Defendant's contentions are without merit.

### A. *Loss and Destruction of Exculpatory Evidence*

Defendant asserts that the clothing seized on the night of his arrest is "material exculpatory evidence"[2] rather than "potentially useful," and as such the Government had an absolute duty to preserve and disclose it. Def.'s Obj. to Magistrate's R & R [Doc. 83] at 2-3.

"Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness." *California v. Trombetta*, 467

---

[1] "Abandonment form" refers to Exhibit 3, entitled "Aviso de Abandono," the Spanish language form signed by Defendant in this case. The English language form states "Notice of Abandonment." These forms are used by United States Customs and Border Protection.

[2] Defendant uses the term "exculpable;" however, the correct term is "exculpatory."

U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). In furtherance of this ideal, it is well-established law that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). Prosecutors also have a duty to disclose some exculpatory material evidence irrespective of a formal request. *See United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In order to be constitutionally material, "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489, 104 S.Ct. at 2534. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Agurs*, 427 U.S. at 109-10, 96 S.Ct. at 2400.

The United States Supreme Court has expressly declined "to read the 'fundamental fairness' requirement of the Due Process Clause . . . as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). Additionally, the Court stated, "we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the result of which might have exonerated the defendant." *Id.* at 57, 109 S.Ct. at 337. As such, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58, 109 S.Ct. at 337.

Magistrate Judge Guerin found that "[t]o the extent Defendant's clothes had evidentiary value, it was as potentially useful evidence." R & R [Doc. 81] at 5. Defendant argues that "[t]he clothing he was wearing at the time of the arrest, particularly his shoes,

along with any cellular device he may have had on his person, is critical to his defense, at the very least, 'potentially useful' if not 'materially exculpable'[sic]." Def.'s Obj. to R & R [Doc. 83] at 3. Defendant attempts to demonstrate materiality by asserting that an investigative report prepared by Border Patrol agents note that a co-defendant was wearing "carpet shoes" which make it difficult to track their footprints. Thus, "statements made in the Border Patrol Investigative Report, regarding 'carpet shoes', prove that the agents involved had a keen appreciation of the shoes' significance to a defense." *Id.* at 4 (original punctuation). Additionally, Defendant asserts that "[t]he clothing on his person is relevant evidence, reflecting how long it had been worn, the existence or nonexistence of burlap fibers or a fresh, clean appearance, indicating defendant had recently met up with the co-defendants in this case." *Id.* at 3. Defendant also claims that he had a cellular phone on his person at the time of his arrest, and that it "presumably might contain exculpatory evidence." *Id.* at 4.

It is undisputed that Defendant was wearing tennis shoes at the time of his arrest. Hr'g Tr. 8/24/2011 [Doc. 80] at 11:14-16. At the time of his arrest, Defendant was carrying "a [black backpack] standard to like a school kid would have a backpack." *Id.* at 16:2-4. Additionally, Defendant told Border Patrol Agent Patrick Kindle that he was carrying "a large bundle filled with food for the rest of his group." *Id.* at 32:17-23. Moreover, Defendant testified that he could not use his cellular phone because it was Mexican, and did not make any calls while in the desert prior to his arrest. *Id.* at 60:13-22. Defendant was arrested on February 28, 2011. On March 2, 2011, Defendant signed an "abandonment form" notifying him that his possessions would be destroyed if a request for return or release was not received within thirty (30) days. *See* Govt's Ex. "3." That same day, Defendant's initial appearance was held. Minute Entry 3/2/2011 [Doc. 2]. On March 4, 2011, counsel was appointed. Minute Entry 3/4/2011 [Doc. 3].

The record does not support Defendant's contention that his clothing or cellular phone are exculpatory material evidence. In order for evidence to rise to this level it must be such that it "creates a reasonable doubt that did not otherwise exist." *Agurs*, 427 U.S. at 112, 96 S.Ct. at 2402. "The situation here is no different than a prosecution for drunken driving that

rests on police observation alone; the defendant is free to argue to the finder of fact that a breathalyzer test might have been exculpatory, but the police do not have a constitutional duty to perform any particular test." *Youngblood*, 488 U.S. at 60, 109 S.Ct. at 338. Border Patrol agents acted in accord with their normal practice, notifying Defendant about the abandonment of his property, and that it would be destroyed unless a request was made within thirty (30) days. *See Trombetta*, 467 U.S. at 488, 104 S.Ct. at 2533. There is no evidence of bad faith or animus toward the Defendant. The Due Process Clause is not violated "when the police fail to use a particular investigatory tool." *Youngblood*, 488 U.S. at 59, 109 S. Ct. at 338.

In this case, Defendant is free to argue that tests of his clothing may have been exculpatory, but the Government did not have a constitutional duty to perform such tests. Defendant is also free to introduce the pictures from the night of his arrest showing a clean shirt to impeach testimony that his clothing was torn and dirty. Additionally, the fact that Defendant was not wearing carpet shoes may be argued in support of the defense theory that he had only recently joined the group of individuals with whom he was arrested. Finally, Defendant's own testimony was that he did not use his cellular telephone while in the desert; and as such, the Court finds its absence unremarkable. Accordingly, the Court agrees with the Magistrate Judge's findings that the clothing although potentially useful, was not exculpatory material evidence, and the Government did not act with bad faith in destroying it.

### B. *Scope of Motion to Dismiss*

Defendant asserts that "[i]t is not for this Court to determine the veracity of the evidence destroyed, but only to decide if the evidence destroyed prevents fundamental unfairness." Def.'s Obj. to R & R [Doc. 83] at 6. In support of this claim, Defendant argues that because Border Patrol agents noted that another *co-defendant* was wearing carpet shoes this reflects the evidentiary significance of Defendant wearing regular sneakers. The United

States Supreme Court stated in *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1989):

> First, *Trombetta* speaks of evidence whose exculpatory value is "apparent." 467 U.S., at 489, 104 S.Ct., at 2534. The possibility that the semen samples could have exculpated respondent if preserved or tested is not enough to satisfy the standard of constitutional materiality in *Trombetta*. Second, we made clear in *Trombetta* that the exculpatory value of the evidence must be apparent "*before* the evidence was destroyed." *Ibid.* (emphasis added). Here, respondent has not shown that the police knew the semen samples would have exculpated him when they failed to perform certain tests or to refrigerate the boy's clothing; this evidence was simply an avenue of investigation that might have led in any number of directions. The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.

*Youngblood*, 488 U.S. at 56, 109 S.Ct. at 336. In this case, it is undisputed that Defendant was wearing tennis shoes at the time of his arrest. Hr'g Tr. 8/24/2011 [Doc. 80] at 11:14-16. The fact that Defendant was wearing tennis shoes does not tend to prove that he is innocent of conspiring to distribute marijuana, and their physical absence does not prevent Defendant from arguing the recency of his joining the group of co-defendants. Nothing in the destruction of Defendant's clothing undermines the fundamental fairness requirement of the Due Process Clause, irrespective of who gave more credible testimony at the evidentiary hearing.

### C. Abandonment Form

Defendant asserts that "[i]t is ridiculous, if not unconscionable to expect a criminal defense attorney, much less the defendant himself, to form a well-reasoned, analytical legal conclusion concerning evidence in a case, within a scant, 30 day post-arrest, time frame." Def.'s Obj. to R & R [Doc. 83] at 7. Counsel was assigned two (2) days following Defendant signing the abandonment form. As such, counsel had twenty-eight (28) days to request that the clothing be preserved. The Court finds that the Border Patrol policy does not expect counsel to have formed any sort of conclusion regarding the evidence in a case, it simply expects that Defendant or his counsel will send a letter requesting that property be saved. This is not fundamentally unfair.

Accordingly, after an independent review of the pleadings, exhibits and transcript, IT IS HEREBY ORDERED that:

1. The Report and Recommendation [Doc. 81] is ADOPTED;

2. Defendant Reichell-Hernandez's Motion to Dismiss for Loss or Destruction of and Failure to Produce Exculpatory Evidence [Doc. 60] is DENIED; and

3. The Clerk of the Court shall return all exhibits to counsel.

DATED this 18th day of October, 2011.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge